UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KENNETH M. WERNER,

               Plaintiff,

Case No. 1:06-CV-310

v.

Hon. Richard Alan Enslen

KALAMAZOO COMMUNITY
MENTAL HEALTH &
SUBSTANCE ABUSE SERVICES,

**DEFAULT JUDGMENT**

               Defendant.
_____/

     Default has previously been entered against Defendant Kalamazoo Community Mental Health and Substance Abuse Services. Plaintiff Kenneth M. Werner has applied for a default judgment against Defendant and has filed references and requested damages in the amount of One Million Five Thousand Eight Hundred Forty Dollars and No Cents ($1,005,840.00) for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and state law. The bulk of this requested award is compensation for lost wages and benefits (front pay and back pay), though the request also includes modest amounts for statutory attorney fees, non-pecuniary damages,[1] and punitive damages.[2] (*See* Aff. of Kenneth M. Werner ¶¶

---

[1] Plaintiff has requested $150,000.00 damages for injury to reputation, mental anxiety and emotional distress. (*See* Werner Aff. ¶ 17 & Exs. 4-6.) This amount is reasonable and consistent with past awards for similar damages. *See Knight v. Metro. of Nashville & Davidson County*, 136 Fed. Appx. 755, 762 (6th Cir. Apr. 4, 2005) (holding that award of $150,000 for emotional pain, inconvenience, mental anguish, and loss of enjoyment was reasonable).

[2] Plaintiff has requested an award of punitive damages of $50,000.00. This amount is reasonable given the uncontested allegations that Defendant wantonly and maliciously violated the Americans with Disabilities Act. (*See* Compl. ¶¶ 23 & 46; Werner Aff. ¶ 19.) *See also* 42 U.S.C. § 12117 (adopting Title VII remedies and standards for ADA enforcement).

7-20.) The papers filed fully support the approval of judgment in the amount requested with the exception of the attorney fee/cost award, which amount has been reduced accordingly.[3] *See also James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (permitting entry of judgment based on detailed affidavits and documents).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Kenneth M. Werner's Application for Entry of Default Judgment (Dkt. No. 8) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Judgment is entered in favor of Plaintiff and against Defendant Kalamazoo Community Mental Health and Substance Abuse Services in the amount of Nine Hundred Eighty Nine Thousand Six Hundred Two Dollars and No Cents ($989,602.00).

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
    August 7, 2006  RICHARD ALAN ENSLEN
        SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff has failed to attach any documentation of the amount of attorney fees and costs paid. He has not documented the number of hours of service for which the fees were billed, nor has he documented that the fees, costs and services incurred were reasonably incurred in connection with the lawsuit. As such, the Court will reduce the attorney fee/cost award from $16,608.00 to $370.00, the latter amount represents the filing fee paid ($350.00) plus the statutory docketing fee ($20.00) due under 28 U.S.C. § 1923.