UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KENNETH M. WERNER,

      Plaintiff,

Case No. 1:06-CV-310

v.

Hon. Richard Alan Enslen

KALAMAZOO COMMUNITY MENTAL
HEALTH AND SUBSTANCE ABUSE
SERVICES,

**OPINION**

      Defendant.
_____/

    This matter is before the Court on Defendant Kalamazoo Community Mental Health and Substance Abuse Service's Motion for Relief from Judgment as well as its Objection to a Writ of Garnishment. Upon review of the briefing, the Court determines that evidentiary hearing is unnecessary in light of the agreement as to the principal facts for the relief requested. For the reasons given below, the relief sought is warranted.

## **FACTUAL BACKGROUND**

    Plaintiff Kenneth M. Werner, a former contract employee of Defendant, filed suit on May 9, 2006 for violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*, and state law. Plaintiff's process service then filed with the Court on May 26, 2006 an executed service affidavit showing service of the Summons and Complaint upon Defendant on May 11, 2006. This prompted Plaintiff to apply for entry of default due to failure to appear or defend on June 12, 2006.

Upon proper application, the Clerk entered Defendant's default on June 14, 2006. Plaintiff subsequently applied for entry of default judgment by application of July 6, 2006. The Court then ordered references pursuant to Federal Rule of Civil Procedure 55(b)(2), which were duly filed. Plaintiff's application sought entry of judgment in the amount of One Million Five Thousand Eight Hundred Forty Dollars and No Cents (1,005,840.00). The Court granted the application, but reduced the amount, and approved a Default Judgment in the amount of Nine Hundred Eighty-Nine Thousand Six Hundred Two Dollars and No Cents ($989,602.00), which was duly entered on August 7, 2006. Thereafter, Plaintiff's counsel sent Defendant's corporate counsel a "Statutory Notice of Lien" referencing the Judgment, which was received on or about October 2, 2006. (Aaron Maduff Aff. ¶ 19.)

Defendant's Motion for Relief from Judgment was then filed with the Court on August 24, 2007. The Motion is based upon the Affidavit of the Executive Director of Defendant, Jeff Patton, which establishes the following: Patton was not aware of the lawsuit until August 10, 2007 when he was informed that a garnishment had been served on LaSalle Bank (Defendant's depository bank). (Patton Aff. ¶ 7.) Patton did receive the Statutory Notice of Lien, but ignored it because he thought it referred to a possible future claim. (*Id.* at ¶ 18.) He did not receive a copy of the Complaint or Default Judgment prior to Friday, August 10, 2007.[1] (*See id.* at ¶¶ 1 & 18.)

Patton also claims that Defendant has meritorious defenses to Plaintiff's underlying employment discrimination claims: namely, Plaintiff was an independent contractor whose contract

---

[1] Patton makes claims in his affidavit about what materials Plaintiff's counsel (Aaron Maduff) failed to send to him; those claims are disregarded because they are outside his personal knowledge. Nevertheless, the Court does accept his contentions about what mail or notice he received.

was terminated because he had not made progress toward meeting contractual goals after notice of deficiency. (*Id.* at ¶¶ 20-31.) Patton further contends that Plaintiff's disabilities were not a factor in the termination decision.[2] (*Id.* at ¶ 26.)

The service affidavit supporting entry of default was completed by Robert J. Burris. His May 11, 2006 affidavit shows service upon Kim Swetay (who is identified as an administrative assistant) at 3299 Gull Road, Kalamazoo, Michigan on May 11, 2006. (May 11, 2006 Burris Aff.) Plaintiff has also provided a December 6, 2006 Affidavit by Burris, which more fully explains what occurred. According to the latter affidavit, on May 11, 2006, when Burris arrived at Defendant's facilities, Burris asked Defendant's receptionist and Kim Swetay to whom service should be directed; and Burris was told by them that Swetay was authorized to receive service. (Dec. 7, 2006 Burris Aff.) Burris then served Swetay with the Summons and Complaint. (*Id.*)

Patton's Affidavit does not discuss the circumstances of the service, which would have been outside Patton's personal knowledge. Patton does, however, state that he was out of the office on May 11, 2006 and Swetay did not give him a copy of the Summons and Complaint after May 11, 2006. (Patton Aff. ¶¶ 13-14.) Neither Patton nor Defendant's Board of Directors ever authorized any subordinate employee to receive service of process for Defendant. (*Id.* at ¶¶ 4-5.) On May 11, 2006, Swetay was an administrative assistant for Defendant, but was not assigned to a managing or executive position. (*Id.* at ¶¶ 9, 11.)

---

[2]Patton's affidavit does not directly say that Plaintiff's filing of an EEOC charge was not a factor in the contract termination decision, but since he gives the reason for the termination as the contract performance, the affidavit is best read as an implicit denial of any form of unlawful discrimination.

3

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 55(c) provides that,

For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

This provision makes clear that when a party seeks to have a default judgment set aside, the two preconditions for that relief are that the requirements of Federal Rule of Civil Procedure 60(b) are met and the "good cause" requirement of Rule 55(c) is met. *Manufacturer's Indus. Relations Ass'n v. East Akron Casting Co.,* 58 F.3d 204, 209 (6th Cir. 1995).

In addressing the equitable determination of "good cause," the district court must consider three factors: (1) whether culpable conduct of defendant led to default; (2) whether defendant has a meritorious defense; and (3) whether the plaintiff has been prejudiced. *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006); *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992); *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir.1983).

Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . . . .

Fed. R. Civ. P. 60(b) (West Pub. Co. 2007).

Because this Motion is made more than one year after the entry of the Default Judgment, Plaintiff seeks relief under Rule 60(b)(4) and 60(b)(6), which provisions authorize relief more than one year after entry of judgment.

**LEGAL ANALYSIS**

Beginning with the Rule 55(c) *Coin Meter* factors, a party's failure to answer or defend is deemed culpable only if it displays "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Amernational Indus. v. Action-Tungsram, Inc.,* 925 F.2d 970, 978 (6th Cir. 1991) (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.,* 815 F.2d 391 (6th Cir. 1987)). This definition reflects the federal courts' reluctance to impose sanctions which effectively deprive a party of its day in court. *See Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (quoting *Buck v. United States Dep't of Agric.,* 960 F.2d 603, 608 (6th Cir. 1992)). In this case, the record does not suggest any intent on Defendant's part to thwart judicial proceedings or extreme recklessness. Rather, the record suggests only that the failure to answer was due to a failure in the transmission of the Summons and Complaint to the executive officer. Therefore, this factor favors the granting of relief.

Regarding the second *Coin Meters* element, this test is met provided that Defendant asserts any meritorious defense which exists at law. *United Coin Meter Co.,* 705 F.2d at 845; *Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d 653, 656-57 (6th Cir. 1982); *Rooks v. American Brass Co.,* 263 F.2d 166, 169 (6th Cir. 1959). Defense counsel's affidavit more than meets this minimal standard. Therefore, this factor favors relief.

As to the prejudice factor, the Sixth Circuit has said the following:

> Trials on the merits are favored in the federal courts, and "a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default." *United Coin Meter* [*Co.*] *v. Seaboard Coastline Railroad,* 705 F.2d 839 (6th Cir. 1983) (quoting *Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 373-74 (D.C. Cir. 1980)). . . . .
>
> . . . . It is true that the plaintiff will suffer some delay in his recovery if a trial on the merits is held, but " 'delay alone is not a sufficient basis for establishing prejudice.' " *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.,* 815 F.2d 391, 398 (6th Cir.), *cert. denied,* 484 U.S. 927, 108 S. Ct. 291, 98 L. Ed. 2d 251 (1987) (quoting *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983)). To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. *INVST Financial Group,* 815 F.2d at 398. The plaintiff has failed to show how any of the above forms of prejudice would result from the reopening of this judgment.

*Berthelsen v. Kane*, 907 F.2d 617, 620-21 (6th Cir. 1990). Plaintiff has made no allegation or showing of prejudice aside from further delay. As such, all three of the *Coin Meter* factors favor relief.

Rule 60(b)(4) applies to instances in which a judgment is void due to absence of jurisdiction over a person, including when a judgment is void due to lack of notice. *Rooks,* 263 F.2d at 168; *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). A default judgment entered when there has been no proper service of the complaint is, *a fortiori,* void, and should be set aside under Rule 60(b)(4). *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985).

While Plaintiff has argued that the service upon Kim Swetay was sufficient under Federal Rule of Civil Procedure 4(h)(1), the record does not support such argument. The Rule requires service upon "an officer, a managing or general agent, or to any other agent authorized by appointment or by law. . . ." Fed. R. Civ. P. 4(h)(1). "A 'managing agent' is one authorized to

6

transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004) (citing *Grammenos v. Lemos,* 457 F.2d 1067, 1073 (2d Cir. 1972)).  The record here clearly shows that Swetay was not authorized to accept service and was not a managing agent for the corporation.

Plaintiff attempts to escape the wording of Rule 4(h)(1) by claiming that Swetay had "apparent authority" to accept service on behalf of the corporation.  This effort fails.  According to the federal common law doctrine of apparent authority, the representation of actual authority must be furnished by the "principal" (meaning either an executive officer, a managing agent or the board of the corporation) in order to be reasonably relied upon by others.  *See Anderson v. International Union, United Plant Guard Workers of America*, 150 F.3d 590, 593 (6th Cir. 1998); *In re Color Tile Inc.*, 475 F.3d 508, 514 n.2 (3d Cir. 2007).  In this case, the representation came from a receptionist (as well as the person allegedly claiming authority) and not a principal or managing agent of the corporation whose representation could be reasonably relied upon as accurate.  In similar cases, federal courts have rejected such Rule 4(h)(1) argument on the ground that the principal did not cause the representation of authority.  *See, e.g., Koa Fire & Marine Ins. Co., Ltd. v. Asiana Airlines, Inc.*, 2000 WL 1545308, *1 (9th Cir. Oct. 17, 2000) (holding that representation of "unidentified person" that agent could accept service was not reasonably relied upon by third party since it was not made by a principal).  Further, the only contrary authority cited by Plaintiff to support a conclusion that Swetay had "apparent authority" to accept service is the case *Old Republic Ins. Co. v. Pacific Fin. Servs. of America, Inc.*, 301 F.3d 54, 57 (2d Cir. 2002).  *Old Republic* relied upon a state law interpretation which broadly understood "apparent authority" under New York law.  New

York law, and its service rules, are not applicable to this action and the ruling itself is not helpful in understanding the federal common law concept of "apparent authority" as it has been explained by the Sixth Circuit.[3] As such, the Court finds that such authority does not provide a legal basis for approval of the service of the Summons and Complaint by Burris. The Court concludes that the service was improper and, therefore, the former Default Judgment was void under Rule 60(b)(4) due to improper service.

Because the underlying Default Judgment will be vacated, the Writ of Garnishment will also be quashed. *See Bank of Italy v. Welsh*, 182 N.W. 6, 8 (Mich. 1921); *Reynolds v. International Amateur Athletic Fed'n*, 23 F.3d 1110, 1111-12, 1121 (6th Cir. 1994).

## **CONCLUSION**

In accordance with this Opinion, an Order shall enter granting Defendant's Motion for Relief from Judgment, vacating the Default Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4) and 55(c), and quashing the Writ of Garnishment.

DATED in Kalamazoo, MI:  
       September 19, 2007

     /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff has not made any argument that service of the Summons and Complaint was proper under Michigan's law of service. *See* Fed. R. Civ. P. 4(e)(1), (h)(1). In the absence of such argument, it does not appear that the service satisfied Michigan's requirements for service of process. *See* MCR 2.105.